FONG & WONG, P.C.
Robert Wong, Esq. (RW-1505)
David Horowitz, Esq. (DH-1890)
Fiona M. Dutta, Esq. (FD-1215)
254 Canal Street, Suite 2002
New York, New York 10013
Tel: (212) 966-6668
Fax: (212)334-6759
rww@fwatty.com
dh@fwatty.com
fd@fwatty.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CHRISTOPHER DREZNER, on behalf of himself
and others similarly situated,

                                   Plaintiff,

        - against -

THE ORGANIC GOURMET INC., PAUL HEINRICH
and TERESA HEINRICH,

                             Defendants.

-------------------------------------------------------------------X

**Case No. _____**

**FLSA COLLECTIVE
ACTION COMPLAINT**

**Jury Trial
Demanded**

       Plaintiff CHRISTOPHER DREZNER (hereinafter, "Plaintiff Drezner"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Fong & Wong, P.C., file this Complaint against defendants THE ORGANIC GOURMET INC. ("ORGANIC GOURMET"), PAUL HEINRICH and TERESA HEINRICH (collectively, the "Defendants") and state as follows:

### INTRODUCTION

       1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from  Defendants: (a) unpaid minimum

wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since Defendants reside within the Eastern District of New York, maintain a place of business located at 751-15 Koehler Avenue, Ronkonkoma, New York, and a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

## PARTIES

5.      Plaintiff Drezner is a resident of Nassau County, New York.

6.      Upon information and belief, ORGANIC GOURMET is a New York corporation having a principal place of business located at 751-15 Koehler Avenue, Ronkonkoma, New York.

7.      Upon information and belief, Defendants operate a restaurant supply business at 751-15 Koehler Avenue, Ronkonkoma, New York.

8.     At all relevant times, Defendants PAUL HEINRICH and TERESA HEINRICH have been the owners, operators, shareholders and managers of ORGANIC GOURMET. Defendants PAUL HEINRICH and TERESA HEINRICH actively participated and continue to actively participate in the day-to-day operations of ORGANIC GOURMET and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with ORGANIC GOURMET.

9.     Defendants PAUL HEINRICH and TERESA HEINRICH each exercised control over the terms and conditions of Plaintiff's employment in that they had and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) otherwise affect the quality of the employees' employment.

10.    Upon information and belief, at all times relevant to the allegations in this Complaint, ORGANIC GOURMET was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

11.    Plaintiff Drezner was continuously employed by Defendants in Suffolk County to work as a non-exempt delivery driver for Defendants' restaurant supply business located at 751-15 Koehler Avenue, Ronkonkoma, New York in or about September, 2014 until in or about April, 2016.

12.    The work performed by Plaintiff was directly essential to the business operated by Defendants.

13.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

14.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

15.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

16.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

17.     Defendants PAUL HEINRICH and TERESA HEINRICH actively participate in the day-to-day operation of ORGANIC GOURMET.  For instance Mr. and Ms. Heinrich personally supervise and direct the work of the employees, instruct the employees how to perform their jobs and correct and/or reprimand the employees for any errors made.

18.     Defendants PAUL HEINRICH and TERESA HEINRICH create and approve all crucial business decisions, including decisions concerning the number of hours employees work, the amount of pay that the employees are entitled to receive, the method by which the employees are to be paid, and whether the employees are entitled to a pay raise, and if so, the amount of the increase.

19.     Defendants hired Plaintiff Drezner in or about September, 2014 to work as a non-exempt delivery driver for Defendants' restaurant supply business located at 751-15 Koehler Avenue, Ronkonkoma, New York.

20.     Plaintiff continuously worked for Defendants in that capacity until in or about April, 2016.

21.     Plaintiff worked over forty (40) hours per week.

22.     Throughout the entirety of his employment, Plaintiff worked five (5) days per week, and his work schedule consisted of fourteen and one-half (14.5) hours per day on Monday thru Friday from 5:00 a.m. until 7:30 p.m.

23.     Plaintiff did not receive any breaks.

24.     From the beginning of his employment and continuing through in or about November, 2014, Plaintiff was paid in cash and was not paid proper overtime compensation. During this period, Defendants promised to pay Plaintiff at the rate of $550.00 per week straight time for all hours worked (paid weekly), and Plaintiff worked seventy-two and one-half (72.5) hours per week (for a regular rate of $7.59 per hour).  Work Plaintiff performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

25.     Defendants did not pay Plaintiff this promised compensation in full because Defendants wrongfully deducted moneys from Plaintiff's wages for expenses, including but not limited to, Plaintiff's use and occupancy of a portion of Defendants' residence, vehicle insurance and mobile telephone service.

26.     Beginning in or about December, 2014, and continuing through the remainder of his employment in or about April, 2016, Plaintiff was paid in cash and was not paid proper overtime compensation.  During this period, Defendants promised to pay Plaintiff at the rate of $650.00 per week straight time for all hours worked (paid weekly), and Plaintiff worked seventy-two and one-half (72.5) hours per week (for a regular rate of $8.97 per hour).  Work Plaintiff performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

27.     Defendants did not pay Plaintiff this promised compensation in full because Defendants wrongfully deducted moneys from Plaintiff's wages for expenses, including but not

limited to, Plaintiff's use and occupancy of a portion of Defendants' residence, vehicle insurance and mobile telephone service.

28.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

29.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

30.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that they worked a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

31.    At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

## COLLECTIVE ACTION ALLEGATIONS

32.    Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants on or after the date that is three years before the filing of the Complaint to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half

for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

33.    The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

34.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and collective action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

35.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

36.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the

members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

37.   Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a.   Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b.   Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

    c.   What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;

    d.   Whether Defendants failed to pay Plaintiff and the Collective Action Members minimum wages for hours worked, in violation of the FLSA and the regulations promulgated thereunder;

    e.   Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    f.   Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

g. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

38. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

39. Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

**FIRST CAUSE OF ACTION**
**(Violation of the Fair Labor Standards Act)**

40. Plaintiff repeats and re-alleges all the allegations in the above paragraphs.

41. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, §§ 206(a) and 207(a).

42. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

43. Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, Defendant ORGANIC GOURMET has had gross revenues in excess of $500,000.

44. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

45. Defendants willfully failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for their hours worked.

46.     Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

47.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

48.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

49.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

50.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

51.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

52.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

53.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

54.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. §§ 216(b).

## SECOND CAUSE OF ACTION
### (Violation of New York Labor Law)

55.     Plaintiff repeats and re-alleges all the allegations in the above paragraphs.

56.     At all relevant times, Defendants employed Plaintiff and Collective Action Members within the meaning of New York Labor Law §§ 2 and 651.

57.     Defendants failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, N.Y. Lab. Law § 652.

58.     Defendants knowingly and willfully violated the rights of Plaintiff and Collective Action Members by failing to pay them minimum wages in the lawful amount for hours worked.

59.     Defendants knowingly and willfully violated the rights of Plaintiff and Collective Action Members by failing to pay Plaintiff and Collective Action Members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

60.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.   New York State Department of Labor Regulations § 146-1.6.

61.     Defendants knowingly and willfully violated the rights of Plaintiff and Collective Action Members by failing to pay "spread of hours" premium to Plaintiff and Collective Action Members for each day they worked a shift in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

62.     Defendants failed to properly disclose or apprise Plaintiff and Collective Action Members of their rights under the New York Labor Law.

63.     Defendants failed to furnish Plaintiff and Collective Action Members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

64.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

65.     Defendants failed to establish, maintain, and presere for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

66.     At the time of their hiring, Defendants failed to notify Plaintiff and Collective Action Members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

67.     Due to Defendants' New York Labor Law violations, Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

68.     Plaintiff and Collective Action Members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft prevention Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all similarly situation Collective Action Members, respectfully requests that this Court grant the following relief:

A.     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

B.     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

C.     An award of unpaid "spread of hours" premium due under the New York Labor Law;

D.     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

E.     An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

F.     An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

G.     An award of prejudgment and post-judgment interest;

H.     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

I.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Respectfully submitted,

Dated: September 27, 2016

FONG & WONG, P.C.

By: _____

Robert Wong, Esq. (RW-1505)
David Horowitz, Esq. (DH-1890)
Fiona M. Dutta, Esq. (FD-1215)
*Attorneys for Plaintiffs*
254 Canal Street, Suite 2002
New York, New York 10013
Tel: (212) 966-6668
Fax: (212)334-6759
rww@fwatty.com
dh@fwatty.com
fd@fwatty.com

**CONSENT TO BE A PARTY PLAINTIFF**

I, Christopher Drezner, plaintiff in this action, hereby consent to be a party plaintiff in this lawsuit against Defendants The Organic Gourmet, Inc., Paul Heinrich and Teresa Heinrich, in order to seek redress for violation of the Fair Labor Standards Act and the New York Labor Law with regard to regular, minimum, overtime wage and other violations.

I hereby designate Fong & Wong, P.C. to represent me in this suit.

Dated: September 27, 2016

CHRISTOPHER DREZNER

Index No.                    Year

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRISTOPHER DREZNER, on behalf of
himself and others similarly situated,

Plaintiff,

-against-

THE ORGANIC GOURMET INC., PAUL HEINRICH
and TERESA HEINRICH,

Defendants.

FLSA COLLECTIVE ACTION
COMPLAINT

Jury Trial Demanded

Signature (Rule 130-1.1-a)

Print name beneath
BY:  ROBERT W.  WONG,  ESQ.

FONG & WONG, P.C.
ATTORNEYS AT LAW

*Attorney for*

*Office and Post Office Address, Telephone*
254 CANAL STREET, SUITE 2002
NEW YORK, NEW YORK 10013
(212) 966-6668

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

----------------------------------------

Attorney(s) for

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (*certified*)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.

FONG & WONG, P.C.
ATTORNEYS AT LAW

*Attorney for*

*Office and Post Office Address*
254 CANAL STREET, SUITE 2002
NEW YORK, NEW YORK 10013

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at

on
at
Dated,

M.

Yours, etc.

FONG & WONG, P.C.
ATTORNEYS AT LAW

*Attorney for*

*Office and Post Office Address*
254 CANAL STREET, SUITE 2002
NEW YORK, NEW YORK 10013

To

Attorney(s) for